# IN GENERAL TERM, 1873.

## ELIAS M. RONEY *v.* LEVI WOOD, ET AL.

HOUSEHOLDER.

A married man is not absolved from the legal, or moral obligation of providing for his family, by his declared intention of not again living with them. Though he may be living separate, and apart from them, he is still amenable to the law for their support, and is, therefore, a resident householder, within the meaning of the act of exemption, and as such is entitled to claim the privilege of exemption of his property from sale on execution.

*Morrow & Trusler*, for plaintiff.
*Smith & Hawkins*, for defendants.

BLAIR, J.—The only question presented by the record in this cause, is whether the plaintiff is a resident householder, within the meaning of the act to exempt property from sale on execution. 2 G. & H. p. 365.

By an agreed state of facts, it is admitted that the plain-

Roney *v.* Wood *et al.*

tiff is a married man; that his wife, and children reside together in the city of Indianapolis as a family, and have in their possession certain household goods; that the plaintiff does not reside with his family, that he lives in said city, but separate, and apart from his family, and so lived prior to the levy of the execution mentioned in the complaint; and that he has not, during such time, supplied his family with the necessaries of life, and has declared his intention of never again residing with his family; that he has in his possession two mules which are sought to be exempted from sale on said execution, and which, together with the household property in possession of the family, are included in the schedule mentioned in the complaint; and that the said plaintiff has paid the rent on the house formerly occupied by his family up to the first day of March, 1873, (that being the month within which this proceeding was instituted).

The statute exempting property from sale on execution in certain cases, was passed in obedience to the requirements of a provision in the Constitution, and according to all the authorities, should be liberally construed. It is rather a provision for the benefit of the family; for those who are dependent upon the head of the family for support, than for the benefit of the debtor himself.

In the absence of the husband from the State, or from his home, the wife may claim, and assert the privilege of exemption. (*See statute supra*).

That the plaintiff in this case has not supplied his family with necessaries, and has declared his intention of not again living with them, does not absolve him from either the legal, or moral obligation resting upon him to support them; nor does it cut them off from the benefit that may be derived from the exemption. That he paid the rent of the house occupied by his family up to a very recent period, is contributing to their support.

It is further provided ·by statute, that a wife, in case of abandonment by the husband, and a failure on his part to provide for the support of the wife, and family, may, by proper proceeding, have property sold and applied to her support, and that of her children. *Acts of* 1857, *page* 94, 1 *G. & H., page* 377.

We are, therefore, of opinion, that in contemplation of law, the plaintiff is still the head of the family, and that he is entitled to claim the privilege of exemption accorded by the statute to a resident householder.

The judgment at Special Term is affirmed.